{¶ 47} Because I disagree with the majority's resolution of appellant's third assignment of error, I respectfully dissent.
 {¶ 48} The majority begins its analysis by stating that appellate review of a trial court's refusal to give a requested jury instruction is conducted using an abuse of discretion standard. This premise is accurate where the trial court's decision was based on a discretionary determination as to whether the evidence presented at trial was sufficient to require the particular instruction. State v. Cheers, Lorain App. No. 04CA008465, 2004-Ohio-6533, citing State v. Lessin,67 Ohio St.3d 487, 494, 1993-Ohio-52. However, in the present case, at issue is whether the jury instructions correctly, and completely state the applicable law. As this is purely a legal question, appellate review of the trial court's refusal to provide the requested instruction is conducted de novo. Wood v. U.S. Bank,160 Ohio App.3d 831, 2005-Ohio-2341, ¶ 20, citing ClevelandElec. Illum. Co. v. Pub. Util. Comm., 76 Ohio St.3d 521,1996-Ohio-298; Murphy v. Carrollton Mfg. Co. (1991),61 Ohio St.3d 585.
 {¶ 49} Generally, a party is entitled to the inclusion of its requested instruction if it is a correct statement of the law applicable to the facts of the case. Wood at ¶ 20, citingMurphy at 591. Jury instructions are proper if they correctly state the law as applied to the facts of the case and if "reasonable minds can properly reach the conclusion sought by the instructions." Cincinnati Gas Elec. Co. v. Chevrolet,153 Ohio App.3d 95, 2003-Ohio-1367, ¶ 20 (citations omitted). "The fundamental rule for determining the scope of the instruction to be given by the court is that it should be adapted to and embrace all issues made by the pleadings and the evidence. * * * The instruction should be broad enough to properly cover the issues presented for consideration, or all the facts in issue which the evidence tends to establish or disprove." Murphy at 591, footnote 3.
 {¶ 50} Fundamental to the resolution of this case is the relationship between appellant's ownership interest in the disputed property, the scope of the easement granted appellee, and the scope of appellee's use of the easement. However, the trial court's jury instructions fail to provide even a rudimentary definition of an easement, and instead are unduly focused only on the elements of adverse possession. See McIntyrev. Kuhns Bros. Co. (1977), 54 Ohio App.2d 131 (a court should not indulge in instructions which assume or unnecessarily emphasize facts).
 {¶ 51} The instructions requested by appellant are clear statements of the legal principles at issue and are supported by law. See, e.g., Szaraz v. Consolidated R.R. Corp. (1983),10 Ohio App.3d 89 (an easement may be destroyed by adverse use where there is a denial to use it). The requested instructions would have clarified the issues central to determining whether appellees acquired ownership of the easement property through adverse possession. Reviewing the trial court's instructions de novo, I find that the instructions inadequately "cover the issues presented for consideration." See Id. I would consequently reverse the judgment of the trial court and remand this matter for a new trial.